Burke, J. (dissenting).
We dissent and vote to affirm. In this action for a declaratory judgment as to marital status, the question is whether the appellants are entitled to summary judgment on the ground that they made a sufficient showing to satisfy the requirement for “ documentary evidence ” required by subdivision 4 of rule 113 of the Buies of Civil Practice.
It is contended by the appellants that documentary evidence sufficient to satisfy the rule was furnished in the form of New York decree of separation and certificates by the Clerks of the First, Second and Third Civil Courts, Bravos District, Chihuahua, Mexico, stating that they had searched the files of the court but that no divorce action instituted by Joseph Brill v. Buby Brill has been registered.
Although of less importance than the court certificates, the decree of separation made in 1955, it is proper to note, is not a relevant official record which would support summary judgment in view of defendant Brill’s claim uttered during the 1959 New Bochelle raid that defendant Stiansen was “ the real Mrs. Brill ’ ’ and that he had divorced plaintiff in Chihuahua. *312 During the four years that had elapsed since the date of the separation decree, defendant could very well have secured a divorce in Chihuahua. In that event, the separation decree would have no bearing as defense material on the issues in this action.
One readily perceives that the rule calls for 11 documentary evidence” or “ official records ” that are conclusive. Therefore, since the rule is of recent origin, a grant of summary judgment on the strength of the certificates submitted by defendants is, in our minds, folly.
We believe that summary judgment should be withheld while the trustworthiness of a document remains untested, and where there is direct evidence which casts doubt on the document’s validity.
After all, the certificates simply express the opinion of confident records examiners or the superior of the records examiners. They are negative evidence which though admissible at a trial is acceptable at that time only because the question of the accuracy of the certificates is still open to impeachment as any opinion would be.
It is well known that there are thousands of divorce decrees granted in the State of Chihuahua, Mexico, every year. The certificates offered in this case have a testimonial value which varies in proportion to the competence of the system used for the maintenance of the court records, and the skill and thoroughness of the searcher. They are not—like an authenticated copy of a document—conclusive, but merely evidence which may be erroneous. We do not think that such an untested hearsay statement constitutes “ documentary evidence or official records” sufficient to “ establish a defense to the action” within the meaning of subdivision 4 of rule 113 of the Rules of Civil Practice. Where the documentary evidence is inconclusive and exposed to the chance of error, a court is not warranted as a matter of law in directing judgment before a trial. We must presume that the Legislature intended that the documentary evidence submitted as a defense to a matrimonial action should be beyond dispute.
But even if such certificates could be considered documentary evidence, a trial should be held for the rule provides: ‘ ‘ The motion shall be denied if any party shall show facts sufficient *313 to require a trial of any issue of fact other than an issue as to the amount or the extent of the damages.” On this record there is an unresolved contradiction between defendant Brill’s declarations and the examiners’ conclusions set forth in certificates which are secondary evidence. Here the tenor of the undenied declaration made orally by the defendant Brill conflicts squarely with the contents of the certificates offered by the defendants.
Appellants have not produced documentary evidence which completely negates the existence of the fact issue raised by the pleadings and affidavits. • Since, therefore, appellants’ papers are insufficient to establish the absence of triable issues, the motion for summary judgment was properly denied.
Accordingly, the order of the Appellate Division should be affirmed, and the question certified answered in the negative.
Judges Dye, Fuld, Froessel and Foster concur with Judge Van Voorhis; Judge Burke dissents in an opinion in which Chief Judge Desmond concurs.
Order of the Appellate Division reversed and the judgment of Special Term reinstated, without costs. Question certified answered in the affirmative.